

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Chief Judge**  151 West Seventh Avenue, Suite 300  (541) 465-6802
Virginia H. Denney, Judicial Assistant  Post Office Box 1335  FAX: (541) 465-6899
Howard J. Newman, Law Clerk  Eugene, Oregon 97440

September 19, 2005

Mr. Eric W. Olsen
Attorney at Law
POB 12829
Salem, OR 97309-0829

Mr. Matthew C. Daily
Attorney at Law
7160 SW Fir Loop #103
Portland, OR 97223

    RE:    Adversary Proceeding No. 04-6230-aer; Lamb v. Lautt
            Plaintiffs' Motion for Summary Judgment

Counsel:

    This letter is intended to announce my findings and conclusions on the above-referenced motion.

    <u>Facts</u>:

    From the submissions, the following facts are undisputed:

    Debtors/Plaintiffs filed Chapter 13 on August 14, 2003.

    Plaintiffs own real property in Keno, Oregon (the property). Defendants hold a second trust deed on the property. Their secured claim was scheduled at $17,000. Defendants' lien is junior to Klamath County's for real property taxes, (scheduled at $1,906), and Conseco Finance's, the first trust deed holder (scheduled at $99,133).

    Defendant Ron Lautt is listed in ¶ 2(b)(1) of Plaintiffs' [undated] Chapter 13 plan. The "collateral" is valued at $99,000 in that paragraph. The estimated arrearage is noted as "n/a". The monthly payment column has an asterisk which notes: "Debtors to file adversary proceeding to void junior lien of Ron Lautt as outlined in paragraph 10." The postconfirmation interest rate is noted at "0%."

    ¶ 2(b)(1) contains the following language:

        If the collateral is not to be sold, the value of the collateral shall be
        fixed in the amount stated above for purposes of administration of this

    plan as well as for purposes of the amount of any secured claim, if
    undersecured, unless objected to at or before the first date set for the
    confirmation hearing on this plan, ... in which case the value will be
    determined by the court.

  Paragraph 10 of the plan provides: "Pursuant to sec. 506, debtors intend to file an adversary proceeding to void the junior lien held by Ron Lautt in the real property located at 15555 Bear Valley, Keno, Or 97627. Entry of the Order Confirming Plan is not res judicata with respect to this lien."

  Defendants did not object to confirmation. The plan was confirmed by Order entered 12/24/03. The Confirmation Order provides at ¶ 5: "The value of collateral securing debts due holders of secured claims is fixed at the values stated in the plan.... Paragraph 11 of the Confirmation Order amends the plan to date it "8/13/03".

  On August 19, 2004 Plaintiff filed the instant adversary.

  <u>Summary Judgment Standards</u>:

  On a motion for summary judgment, the moving party has the burden to establish the absence of a material issue of fact for trial. FRCP 56c). The substantive law governing a claim or defense determines whether a fact is material. <u>T.W. Elec. Service., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987). Material facts are such facts as may affect the outcome of the case. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L. Ed. 2d 202, __(1986). No genuine factual issue exists for trial where a nonmoving party rests on mere allegations or denials, or shows "some metaphysical doubt." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

  With regard to its own claims or defenses, (i.e. those elements for which the moving party bears the burden of proof at trial) the movant must support its motion with evidence-using any of the materials specified in Rule 56(c)-that would entitle it to a directed verdict if not controverted at trial. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 332, 106 S. Ct. 2548, 2557, 91 L. Ed. 265, __ (1986)(Brennan, J)(dissent). There must be more than a "scintilla", indeed the evidence must be "significantly probative." <u>Anderson</u>, <u>supra</u> at 251, 106 S. Ct. at 2511. If the movant makes the requisite affirmative showing, the burden of production shifts to the non-moving party to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial, or to submit an affidavit requesting additional time for discovery. <u>Celotex</u>, <u>supra</u> at 2557(Brennan dissent). The evidence in support must be presented with the motion. The Court has no independent duty to search the record. LR 56.1(e).

  All inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>Simone v. Manning</u>, 930 F. Supp. 1434 (D. Or. 1996). When different ultimate inferences can be reached summary judgment is not appropriate. <u>Id.</u>

  A motion for summary judgment must meet the requirements of FRCP 56c). <u>North Slope Borough v. Rogstad</u> *(In re Rogstad)*, 126 F.3d 1224 (9th Cir. 1997). Unless the moving party meets its initial burden of establishing the absence of a material issue of fact, summary judgment must be denied even if no opposing evidentiary matter is presented. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 160, 90 S. Ct. 1598, 1609-10, 26 L. Ed. 2d 142, __ (1970).

Discussion:

As a threshold matter, Plaintiffs may avoid totally unsecured liens in Chapter 13. <u>Zimmer v. PSB Lending Corp.</u> *(In re Zimmer)*, 313 F.3d 1220 (9th Cir. 2002). There are two facets to lien avoidance in this context, the value of the collateral and the amount of senior liens. Here, the amount of senior liens has essentially been admitted in the answer, i.e., Klamath County for $1,906, and Conseco Finance for $99,133.

Normally, plan confirmation is "res judicata" as to all issues that were or could have been litigated within the confirmation context. Plaintiffs argue the plan valued the property at $99,000, (referencing the "motion to value" language incorporated in the plan), and ¶ 5 of the confirmation order fixing that value. They argue value has, therefore, been established pursuant to 11 U.S.C. § 1327. That value is binding on Defendants in this adversary.

As noted above, ¶ 10 of the plan provides that "[p]ursuant to sec. 506, debtors intend to file an adversary proceeding to void the junior lien held by Ron Lautt in the real property located at 15555 Bear Valley, Keno, Or 97627. Entry of the Order Confirming Plan is not res judicata <u>with respect to this lien.</u>" (emphasis added). Plaintiffs argue the emphasized portion reserved only the issue of Defendant's lien for review in this adversary, not the issue of property valuation, that is, ¶ 10 has no effect on "valuation" as set by the plan and confirmation order.

I disagree. Paragraph 10, when read within context, preserved the matter of the avoidance of Defendant's lien for an adversary proceeding and provided that confirmation would have no res judicata effect on the lien's <u>avoidance</u>. Avoidance necessarily encompasses the issue of valuation. Thus, Plaintiffs cannot rely on the plan's valuation.[1]

Based on the above, Plaintiff's motion will be denied and the case bound over for trial on the issue of valuation. An appropriate order shall be entered.

The above represents my findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated.

Very truly yours,

*albert E. Radcliffe*

ALBERT E. RADCLIFFE
Bankruptcy Judge

AER:vhd

---

[1] I don't read Plaintiffs' submissions, as arguing that the term "res judicata" in ¶ 10 speaks only to whole claims, (i.e. the present lien avoidance claim), and does not preclude the use of "collateral estoppel" (issue preclusion) with regard to the discrete issue of "valuation." However, even if they do so argue, giving Defendants' all reasonable inferences as I must do on summary judgment, I would still deny the motion.